1

2

3

4

5

6

7

8           **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  SAMMY JAMES COCHRAN,                          CASE NO. 03cv1616 JM(POR)

12                              Plaintiff,        ORDER DENYING MOTION TO
                                                  REOPEN
            vs.
13  WILSON, et al.,

14                              Defendants.

15

16          On or about May 7, 2007 the court received from Plaintiff a Motion to Reopen

17  ("Motion") this case.  The court denies the Motion without prejudice because Plaintiff

18  fails to demonstrate diligence in prosecuting this action and to adequately set forth steps

19  taken to prosecute the present action.

20          Filed in August 2003, the present case has been languishing in this court for

21  about 45 months without Plaintiff having effectuated service of process on Defendants.

22  A brief review of the procedural history in this case reveals that Plaintiff has failed to

23  act with the requisite diligence in prosecuting this action.  The court dismissed the

24  original complaint on October 10, 2003 with leave to amend.  On November 24, 2003,

25  Plaintiff filed the first amended complaint and on December 2, 2003 the court granted

26  Plaintiff's request for a 120 days continuance to file an amended complaint.

27          On November 11, 2004 this court issued its first OSC to plaintiff to show cause

28  why the action should not be dismissed for failure to prosecute.  In response, Plaintiff

represented that he suffers from mental and physical disabilities which hindered his ability to prosecute this action but that Plaintiff, with the assistance of jailhouse lawyers, desired to prosecute the action.  The court did not dismiss the case.  On March 22, 2006 Plaintiff filed the second amended complaint and the court ordered the United States Marshal to effectuate service on Defendants as directed by Plaintiff.  On April 27, 2006 the summons were returned unexecuted because the identified Defendants, Ms. Wilson and Ms. Cornwell, could not be located by the Marshal at the Donovan Correctional Institute.   (Docket No. 21).

On May 24, 2006, the court granted Plaintiff's request to file a third amended complaint.  On June 30, 2006, Plaintiff filed a third amended complaint naming Warden Robert Hernandez as the sole defendant.  Plaintiff has yet to serve the third amended complaint.  On March 13, 2007 the court issued another OSC to plaintiff to show cause why the action should not be dismissed for failure to prosecute.  On March 28, 2007 the court entered an Order Dismissing Complaint For Failure to Prosecute ("March 2007 Order," Docket No. 28).[1]

Here, the court declines to reopen this case.  This case lay dormant for over 45 months.  No Defendant has yet to be served, despite repeated notice from this court that Plaintiff's complaint was subject to dismissal for failure to prosecute.  See Link v. Wabash Railroad Co., 370 U.S. 626 (1962) (court has inherent authority to dismiss action for failure to prosecute).  During an extended period of time such as this, memories fade, potential evidence may be lost, and witnesses may change employers, move, or die.  Critical evidence to the prosecution or defense of this action may be lost by Plaintiff's inability to generally comply with the service requirements of the Federal Rules of Civil Procedure and judicial policies favoring expeditious and just resolutions of disputes.  The dismissal of the complaint, not the action, will not substantially prejudice Plaintiff in the sense that the present dismissal does not operative as a

---

[1] At the time of dismissal, the court was unaware that Plaintiff had filed a Notice of Action ("Notice") on March 26, 2007.  Even if the court had considered the Notice, dismissal still would have been appropriate as Plaintiff failed to show cause why the complaint should not have been dismissed.

1    dismissal on the merits, no substantive activity has yet to occur in this case, and

2    Plaintiff can commence a new action and seek therein any available legal or equitable

3    remedy.[2]

4         In sum, the complaint is dismissed without prejudice.

5         **IT IS SO ORDERED.**

6    DATED:  October 3, 2007

7                                                    _____
8                                                    Hon. Jeffrey T. Miller
                                                     United States District Judge
9

10   cc:         All parties

11

12

13

14

15

16

17

18

19

20

21

22

23   _____

24        [2] The court is mindful that the statute of limitations presents a challenge to Plaintiff in any
     future action.  However, the statute of limitations is subject to equitable tolling.  Generally, federal
     courts apply the forum state's law regarding equitable tolling.  <u>Fink v. Shedler</u>, 192 F.3d 911, 914 (9th
25   Cir. 1999); <u>Bacon v. City of Los Angeles</u>, 843 F.2d 372, 374 (9th Cir. 1988).  Under California law,
     equitable tolling of a statute of limitations is appropriate where (1) plaintiff diligently pursued his
26   claims; (2) plaintiff's situation is the product of forces beyond his control; and (3) the defendants must
     not be overly prejudiced by the application of equitable tolling principles.   See <u>Hull v. Central
27   Pathology Serv. Med. Clinic</u>, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); <u>Addison v. State of
     California</u>, 21 Cal.3d 313, 316-17 (Cal. 1978); <u>Fink</u>, 192 F.3d at 916. Here, Plaintiff's representations
28   of mental and physical disabilities, if fully developed, may support equitable tolling of the statute of
     limitations.

03cv1616